```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ASHANTA MARSHALL

                    Plaintiff,

    -against-                                    **MEMORANDUM AND ORDER**

AFRICA MARSHALL                                  08-CV-1420 (KAM)(LB)

                    Defendant.

----------------------------------------
                                            X
```
**MATSUMOTO, United States District Judge:**

Plaintiff Ashanta Marshall ("plaintiff") brought this *pro se* action against his brother, defendant Africa Marshall ("defendant"), alleging copyright and trademark infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.* and section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), invasion of the right to privacy and publicity under Section 51 of the New York Civil Rights Law, and intentional infliction of emotional distress, all in connection with defendant's internet promotion and sale of instructional hair videos featuring plaintiff. Defendant moved for partial summary judgment, seeking to dismiss all of plaintiff's claims, except for plaintiff's copyright claims. Presently before the court is a Report and Recommendation issued by Magistrate Judge Bloom on December 7, 2010, recommending that the court grant in part and deny in part defendant's partial motion for summary judgment. (Doc. No. 87, Report and Recommendation at 1, 21.)

Notice of the Report and Recommendation was sent

electronically to the parties appearing on the docket via the court's electronic filing system on December 7, 2010. The court mailed a copy of the Report and Recommendation to *pro* se plaintiff on December 7, 2010. As explicitly noted at the end of the Report and Recommendation, any objections to the Report and Recommendation were to be filed within fourteen days of service of the Report and Recommendation. (Report and Recommendation at 21.) The statutory period for filing objections has expired, and no objections to Magistrate Judge Bloom's Report and Recommendation have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Upon a review of the Report and Recommendation, and considering that the parties have failed to object to any of Magistrate Judge Bloom's thorough and well-reasoned recommendations, the court finds no clear error in Magistrate Judge Bloom's Report and Recommendation and hereby affirms and

adopts the Report and Recommendation as the opinion of the court.

Accordingly, defendant's motion for partial summary judgment is granted as to plaintiff's claims: (1) under section 51 of the New York Civil Rights Law, as it relates to the use of plaintiff's image on the covers of the instructional videos sold on defendant's websites in 2005; (2) under Section 43(a) of the Lanham Act for false endorsement, insofar as the claim is premised on defendant's false designation of the origin of the instructional videos; (3) under Section 43(a) of the Lanham Act for false advertising; and (4) for Intentional Infliction of Emotional Distress. However, defendant's motion for partial summary judgment is denied as to plaintiff's claims under: (1) section 51 of the New York Civil Rights Law, as it relates to the use of plaintiff's image on hairvideostore.com and on youtube.com in 2008; and (2) section 43(a) of the Lanham Act for unfair competition. In addition, defendant has not objected to Magistrate Judge Bloom's recommendation that that the portion of plaintiff's claim in Count Three of the Amended Complaint, alleging that the name and design of defendant's website causes customer confusion, be construed as a cybersquatting claim under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) and be permitted to proceed. (*See* Report and Recommendation at 17-18, 20.) Accordingly, the cybersquatting claim shall proceed.

The parties are directed to meet and confer and, by January 12, 2011, to submit a joint status letter by ECF, indicating how they wish proceed in light of this Memorandum and Order adopting Magistrate Judge Bloom's December 7, 2010 Report and Recommendation. In light of the undersigned's anticipated busy trial calendar for first quarter of 2011, the parties are directed to consider whether they consent to a trial before Magistrate Judge Bloom. If so, the parties shall sign the appropriate consent forms and file them on ECF.

The defendant shall serve a copy of this Memorandum and Order on the plaintiff and file a certificate of service on ECF by January 4, 2011.

**SO ORDERED.**

Dated:    December 30, 2010
            Brooklyn, New York

                                            _____/s/_____
                                            Kiyo A. Matsumoto
                                            United States District Judge